CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
March 24, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

**WILLIAM FARLEY,**

      **Plaintiff,**

vs.

**WAL-MART STORES EAST, LP,**

      **Defendant.**

Civil Action No. 3:25CV00013

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP ("Walmart"), by and through its undersigned counsel, files this Notice of Removal of the above-captioned matter from the Circuit Court for Louisa County, Virginia to the United States District Court for the Western District of Virginia, Charlottesville Division. As grounds for removal, Defendant states as follows:

1.    On or about July 22, 2024, Plaintiff William Farley ("Plaintiff") filed a Complaint with the Circuit Court for Louisa County. This case is entitled *William Farley v. Wal-Mart Stores East, LP* and is assigned case number CL24000232-00.

2.    On February 25, 2025, Plaintiff served Walmart's registered agent with the Summons and Complaint, with attachments.

3.    The Summons and Complaint constitute all process, pleadings and orders served in this action as of this date and are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

4.    Walmart is the only defendant named in this action. No other party is required to consent to removal of this action to the United States District Court for the Western District of Virginia. 28 U.S.C. § 1446(b)(2)(A).

5. This Notice of Removal is being filed within 30 days after Walmart was served with copies of Plaintiff's Summons and Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 6(a).

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is a matter between citizens of different states and the amount in controversy exceeds $75,000.00.

7. Plaintiff is a citizen of Virginia. (Complaint, ¶ 2.)

8. Wal-Mart Stores East, LP is a Delaware limited partnership. For purposes of diversity, the citizenship of a partnership is determined by the citizenship of all of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). The partners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC, both of which are limited liability companies.

9. For diversity purposes, a limited liability company is assigned the citizenship of its members. *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which also is a limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.

10. For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Walmart Inc. is a corporation organized and existing under the laws of the State of Delaware, and its principal place of business is in the State of Arkansas. See 28 U.S.C. § 1332(c)(1) ("A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal

place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 92-93, 96 (A corporation's "principal place of business" is where its "nerve center," or place a corporation's board and high-level officers direct, control and coordinate its activities.). Thus, Defendant Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas for diversity purposes.

9. Based on the above, Plaintiff is a citizen of Virginia, Walmart is a citizen of Arkansas and Delaware, and complete diversity of the parties exists.

10. For his sole cause of action, Plaintiff seeks "an amount of $350,000 in compensatory damages, punitive damages, attorneys' fees and costs due to Defendant's violation of the VHRA(.)" (Complaint, *Ad Damnum*, ¶ 1.)

11. Thus, Plaintiff's demand for damages exceeds the $75,000.00 threshold for diversity jurisdiction.

12. Based on the foregoing, this Court has diversity jurisdiction over this matter, and thus, it is removable under 28 U.S.C. § 1441(a).

13. Under 28 U.S.C. §§ 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because the United District Court for the Western District of Virginia, Charlottesville Division is the federal district court and division which includes the Circuit Court for Louisa County, Virginia, this Court is the appropriate venue for removal. 28 U.S.C. § 127(a).

14. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the Circuit Court for Louisa County and served upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached as **Exhibit B**.

15. The required filing fee and executed civil cover sheet accompany this Notice.

WHEREFORE, having fulfilled all statutory requirements, Walmart respectfully requests that the Clerk of the Court note this action has been removed from the Circuit Court for Louisa County, Virginia to the United States District Court for the Western District of Virginia, Charlottesville Division, and that all proceedings hereafter shall take place in the United States District Court for the Western District of Virginia, Charlottesville Division.

Dated: March 24, 2025

Respectfully submitted,

*/s/ G. Bethany Ingle*
G. Bethany Ingle (VSB No. 78622)
Benjamin P. Constine (VSB No. 96925)
LITTLER MENDELSON, P.C.
1800 Tysons Boulevard
Suite 500
Tysons Corner, Virginia 22102
Telephone:   703.442.8425
Facsimile:    703.442.8428
gingle@littler.com
bconstine@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of March 2025, a true and correct copy of the foregoing Notice of Removal was served by email and first-class U.S. Mail, postage prepaid upon the following:

>Joshua Erlich (VSB No. 81298)
>Katherine L. Herrmann (VSB No. 83203)
>Heather E. Murray (VSB No. 89648)
>THE ERLICH LAW OFFICE, PLLC
>2111 Wilson Blvd., Suite 700
>Arlington, VA 22201
>Telephone:   703.791.9087
>Facsimile:   703.722.8114
>jerlich@erlichlawoffice.com
>kherrmann@erlichlawoffice.com
>hmurray@erlichlawoffice.com
>
>*Counsel for Plaintiff*

>*/s/ G. Bethany Ingle*
>G. Bethany Ingle